UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TYASIA BLAKE,

                                              Plaintiff,    **COMPLAINT**

               -against-                      07 Civ. 9460 (LBS) (FM)

THE CITY OF NEW YORK, COMMISSIONER    ECF Case
RAYMOND W. KELLY, SUPERVISOR JOHN DOE # 1;
P.O. NIGUEL VEGA, Shield # 08642, and POLICE    Jury Trial Demanded
OFFICER JOHN DOES # 1-10; the individual defendants
sued individually and in their official capacities,

                                             Defendants.

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about September 16, 2005. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION & VENUE**

2.  This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  With respect to the allegation for malicious prosecution, the plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Notices of Claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiffs' claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.  Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## **PARTIES**

5.  Plaintiff Tyasia Blake is a resident of the State of New York, Orange County.

6.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

7.  Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Supervisor John Doe # 1 is a New York City Police Supervisor employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

9. Defendant Police Officer Niguel Vega is a New York City Police Officer, assigned Shield # 08642, employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

10. Defendant Police Officer John Does # 1-10 are a New York City Police Officers employed with the 18th Precinct-Midtown North and Manhattan Central Booking located in New York, New York who violated plaintiff's rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

12. The following is a summary set for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

13. On September 16, 2005, at approximately 3:00 a.m. in the vicinity of vicinity of "Exit" located at 610 West 56th Street, New York, New York, police officers assigned to the 18th Precinct-Midtown North, including upon information and belief, defendants Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10, at times acting in concert and at times acting independently committed the following illegal acts against the plaintiff.

14. Plaintiff was outside of "Exit" located at 610 West 56th Street, New York, New York, when defendants Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10,

3

without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, falsely arrested plaintiff.

15. Once defendants approached plaintiffs, plaintiffs were not free to disregard the defendants' questions, walk way or leave the scene.

16. During the arrest of plaintiff, defendants Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10, maliciously, gratuitously, and unnecessarily grabbed plaintiff, threw plaintiff to the ground, forced knees into plaintiff's back, subjecting plaintiff to excessively tight handcuffs, grabbed plaintiff about the body, pulled braids from plaintiff's hair, and struck plaintiff against a police vehicle. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

17. Thereafter, defendants Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10 transported plaintiff to the 18th Precinct-Midtown North.

18. At the 18th Precinct-Midtown North, defendants Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10 subjected plaintiff to a strip search in public.

19. Furthermore, in retaliation for requesting medical treatment and informing the defendants that plaintiff intended to file a complaint against them for their conduct, Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10 removed plaintiff to Roosevelt Hospital where she kept for an unnecessary and unjustified psychiatric evaluation and denied actual medical treatment.

20. Defendant Supervisor P.O. John Doe # 1 was present during the above-described incidents, and supervised and approved all the above-described conduct against plaintiff.

21. Eventually, plaintiff was brought back to the 18th Precinct-Midtown North, removed to Manhattan Central Booking where she was strip-searched again in public by P.O. John Does # 1-10, arraigned, and released.

22. No illegal items, narcotics, or contraband were recovered from plaintiff as a result of the above-described strip searches.

23. Plaintiff subjected to the NYPD's unlawful policy of strip-searching persons charged with misdemeanors in public regardless of reasonable suspicion or probable cause.

24. The fact that the strip searches of plaintiff were carried out in a non-private manner is sufficient in and of itself to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other arrestees.

25. While plaintiff was incarcerated at 18th Precinct-Midtown North, Roosevelt Hospital, and Central Booking awaiting arraignment, Supervisor John Doe # 1, P.O. Vega, and P.O. John Does # 1-10, pursuant to a conspiracy, falsely and maliciously told the Manhattan County District Attorney's Office that plaintiff had committed a crime; and based on the officers' false allegations the District Attorney's Office decided to prosecute plaintiff.

26. Further, while at Manhattan Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

27. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

28. The individual defendants acted in concert committing these illegal acts toward plaintiff.

29. The aforesaid events are not an isolated incident. Defendants Commissioner Raymond W. Kelly and Supervisor P.O. John Doe # 1 were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, investigate an incident, and how to treat innocent and/or uninvolved individuals who are found at an incident location. Commissioner Kelly and Supervisor P.O. John Doe # 1 are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Kelly and Supervisor P.O. John Doe # 1 have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

30. Moreover, Commissioner Kelly and Supervisor P.O. John Doe # 1 were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Kelly and Supervisor P.O. John Doe # 1 have retained these officers, and failed to adequately train and supervise them.

31. After several court appearances, the charges against plaintiff were dismissed.

32. Plaintiff did not resist arrest at any time during the above incidents.

33. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

34. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

35. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

36. As a result of defendants' actions plaintiff experienced personal and physical injuries (including contusions and soreness), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

39. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by committing false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement,

7

abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

40. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

41. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

42. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY**

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervisor subordinates who committed the

wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

45. Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

46. Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

47. The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Kelly's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

48. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

49. The aforesaid conduct of defendants Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST  
THE CITY OF NEW YORK**

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. The City of New York directly caused the constitutional violations suffered by plaintiff.

52. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

53. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence.  Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

54. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

55. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

56. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
              October 22, 2007

                                            MICHAEL HUESTON, ESQ.
                                            *Attorney for Plaintiff*
                                            350 Fifth Avenue, Suite 4810
                                            New York, New York 10118
                                            (212) 643-2900
                                            mhueston@nyc.rr.com
                                            By:

                                            _____
                                            MICHAEL OLIVER HUESTON (MH-0931)