UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

TYASIA BLAKE,

                                             Plaintiff,

                      -against-

THE CITY OF NEW YORK. COMMISSIONER
RAYMOND W. KELLY, SUPERVISOR JOHN DOE #1;
P.O. NIGUEL VEGA, Shield # 08642, and POLICE
OFFICER JOHN DOES #1-10; the  individual defendants
sued individually and in their official capacities,

                                      Defendants.

-------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

07 CV 9460 (LBS)(FM)

Jury Trial Demanded

        Defendants, The City of New York, Commissioner Raymond W. Kelly and Police Officer Niguel Vega by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein and seeks relief as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein and that a document

purporting to be a Notice of Claim was received by the Office of the Comptroller on or about December 7, 2005.

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.  Admit the allegations set forth in paragraph "6" of the complaint.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that Raymond W. Kelly is the Commissioner of the Police Department of the City of New York.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that Police Officer Niguel Vega is assigned to the 18th Precinct-Midtown North.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint concerning unidentified officers.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

12. Paragraph "12" of the complaint sets forth a statement to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit Police Officer Vega was working in his capacity as a Police Officer assigned to the 18th Precinct-Midtown North in the vicinity of club "Exit" located at 610 W. 56th Street in the county of New York on September 16, 2005 at approximately 3:00 a.m.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was arrested outside of club "Exit" located at 610 W. 56th Street in the county of New York on September 16, 2005.

15. Paragraph "15" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint concerning unidentified officers, except admit that Police Officer Vega transported the plaintiff to the 18th Precinct-Midtown North.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that the plaintiff was taken to St. Luke's Roosevelt Hospital for treatment.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint concerning an unidentified supervisor.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint concerning an alleged strip search of plaintiff and state that paragraph "24" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint concerning Police Officer Vega and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Paragraph "40" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Paragraph "54" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Paragraph "56" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants City of New York, Commissioner Raymond W. Kelly and Police Officer Niguel Vega have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendants City of New York, Commissioner Raymond W. Kelly or Police Officer Niguel Vega.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, Defendants City of New York, Commissioner Raymond W. Kelly and Police Officer Niguel Vega their agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Defendant Commissioner Kelly has no personal involvement in any incident alleged in plaintiff's Complaint.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

62. Punitive damages cannot be recovered from Defendants City of New York.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

63. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

64. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. Any force utilized by any police officer was justified and *de minimus*.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. There was probable cause for the arrest and prosecution of plaintiff.

- 7 -

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

67. Commissioner Raymond W. Kelly and Police Officer Niguel Vega have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** Defendants, The City of New York, Commissioner Raymond W. Kelly and Police Officer Niguel Vega, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        January 11, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel
                                    of the City of New York
                                    Attorney for City Defendants City of New
                                    York, Commissioner Kelly and P.O. Vega
                                    100 Church Street, Room 6-307
                                    New York, New York 10007
                                    (212) 788-6405

                            By:     _Meghan Cavalieri_
                                    Meghan A. Cavalieri (MC 6758)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:    VIA ECF
       Michael Hueston, Attorney at Law
       Attorney for Plaintiff
       350 Fifth Avenue
       Empire State Building
       Suite 4810
       New York, NY 10118
       (212) 643-2900
       Fax: (212) 643-2901

- 8 -

07 CV 9460 (LBS)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYASIA BLAKE,

Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY, SUPERVISOR JOHN DOE #1;
P.O. NIGUEL VEGA, Shiel # 08642, and POLICE OFFICER
JOHN DOES #1-10; the individual defendants sued
individually and in their official capacities,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE
CITY OF NEW YORK, COMMISSIONER RAYMOND
W. KELLY, POLICE OFFICER NIGUEL VEGA**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants, The City of New York,*
*Commissioner Raymond W. Kelly, Police Officer Niguel Vega*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Meghan A. Cavalieri*
*Tel:  (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..........................................., 2008*

*..................................................................... Esq.*

*Attorney for...........................................................*