UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TYASIA BLAKE,

                                     Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND W. KELLY, LT. THOMAS FEENEY; P.O.
NIGUEL VEGA, Shield # 08642, P.O. STEVEN QUOCK,
Shield # 23614; P.O. JOHN PALAZZO, Shield # 23240;
P.O. KAREN WUTTKE, Shield # 13664; and P.O. JOHN
DOES # 1-5, the individual defendants sued individually
and in their official capacities,

                                    Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

07 Civ. 9460 (LBS) (FM)

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

        1.        This is a civil rights action in which plaintiff seeks relief for the violation

of plaintiff's rights secured by 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New York.  The

claims arise from an incident, which occurred on or about September 16, 2005.   During the

incident the City of New York and members of the New York City Police Department

("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, excessive

force, unlawful search and seizure, malicious prosecution, unlawful strip search, assault and

battery, intentional and negligent infliction of emotional distress, retaliation for free speech,

fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse

of process, gross negligence, negligent hiring and retention of incompetent and unfit employees,

negligent supervision, training and instruction of employees, and implementation and

continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     With respect to the allegation for malicious prosecution, the plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A Notice of Claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.     Plaintiff Tyasia Blake is a resident of the State of New York, Orange County.

6.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

7.     Defendant Commissioner Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8.    Defendant Lieutenant Thomas Feeney is a New York City Police Supervisor employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

9.    Defendant Police Officer Niguel Vega  is a New York City Police Officer, assigned Shield # 08642, employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

10.    Defendant Police Officer Steven Quock  is a New York City Police Officer, assigned Shield # 23614, employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

11.    Defendant Police Officer John Palazzo is a New York City Police Officer, assigned Shield # 23240, employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

12.    Defendant Police Officer Karen Wuttke  is a New York City Police Officer, assigned Shield # 13664, employed with the 18th Precinct-Midtown North located in New York, New York who violated plaintiff's rights as described herein.

13.    Defendant Police Officer John Does  # 1-5 are New York City Police Officers employed with Manhattan Central Booking located in New York, New York who violated plaintiff's rights as described herein.

14.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

      15.    The following is a summary set for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants.  Plaintiff has not set forth each and every fact concerning the incident(s) described below.

      16.    On September 16, 2005, at approximately 3:00 a.m. in the vicinity of "Exit" located at 610 West 56th Street, New York, New York, police officers assigned to the 18th Precinct-Midtown North, including upon information and belief, defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke, at times acting in concert and at times acting independently committed the following illegal acts against the plaintiff.

      17.    Plaintiff was outside of "Exit" located at 610 West 56th Street, New York, New York, when defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, falsely arrested plaintiff.

      18.    Once defendants approached plaintiff, plaintiff was not free to disregard the defendants' questions, walk way or leave the scene.

      19.    During the arrest of plaintiff, defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke, maliciously, gratuitously, and unnecessarily grabbed plaintiff, threw plaintiff to the ground, forced knees into plaintiff's back, subjecting plaintiff to excessively tight handcuffs, grabbed plaintiff about the body, pulled braids from plaintiff's hair, and struck plaintiff against a police vehicle.  Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

      20.    Thereafter, defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke transported plaintiff to the 18th Precinct-Midtown North.

4

21.    At the 18th Precinct-Midtown North, defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke subjected plaintiff to a strip search in public.

22.    Furthermore, in retaliation for requesting medical treatment and informing the defendants that plaintiff intended to file a complaint against them for their conduct, defendants P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke removed plaintiff to Roosevelt Hospital where she kept for an unnecessary and unjustified psychiatric evaluation and denied actual medical treatment.

23.    Defendant Lt. Feeney was present during the above-described incidents at the 18th Precinct-Midtown North, approved plaintiff's unlawful arrest, and supervised and approved all the above-described conduct against plaintiff at the 18th Precinct-Midtown North.

24.    Eventually, plaintiff was brought back to the 18th Precinct-Midtown North, removed to Manhattan Central Booking where she was strip-searched again in public by P.O. John Does # 1-5, arraigned, and released.

25.    No illegal items, narcotics, or contraband were recovered from plaintiff as a result of the above-described strip searches.

26.    Plaintiff was subjected to the NYPD's unlawful policy of strip-searching persons charged with misdemeanors in public regardless of reasonable suspicion or probable cause.

27.    The fact that the strip searches of plaintiff were carried out in a non-private manner is sufficient in and of itself to violate the Constitution.  It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner.  A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other arrestees.

5

28.     While plaintiff was incarcerated at 18th Precinct-Midtown North, Roosevelt Hospital, and Central Booking awaiting arraignment, Lt. Feeney, P.O. Vega, P.O. Quock, P.O. Palazzo, and P.O. Wuttke, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed a crime; and based on the officers' false allegations the District Attorney's Office decided to prosecute plaintiff.

29.     Further, while at Manhattan Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

30.      The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

31.     The individual defendants acted in concert committing these illegal acts toward plaintiff.

32.     The aforesaid events are not an isolated incident.  Defendants Commissioner Raymond W. Kelly and Lt. Feeney were aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, investigate an incident, and how to treat innocent and/or uninvolved individuals who are found at an incident location. Commissioner Kelly and Lt. Feeney are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Commissioner Kelly and Lt. Feeney have failed to take corrective action.   This failure caused the officers in the present case to violate the plaintiff's civil rights.

33.     Moreover, Commissioner Kelly and Lt. Feeney were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and

disposition to be employed as police officers.  Despite such notice, Commissioner Kelly and Lt. Feeney have retained these officers, and failed to adequately train and supervise them.

34.     After several court appearances, the charges against plaintiff were dismissed.

35.     Plaintiff did not resist arrest at any time during the above incidents.

36.     Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

37.     The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

38.     At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

39.     As a result of defendants' actions plaintiff experienced personal and physical injuries (including contusions and soreness), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

40.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41.     The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional

conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of

incompetent and unfit employees, negligent supervision, training and instruction of employees,

and implementation and continuation of an unlawful municipal policy, practice, and custom.

42.    The conduct of the defendant officers, as described herein, violated

plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution by committing false arrest and imprisonment,

excessive force, unlawful search and seizure, malicious prosecution, unlawful strip search,

assault and battery, intentional and negligent infliction of emotional distress, retaliation for free

speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement,

abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit

employees, negligent supervision, training and instruction of employees, and implementation and

continuation of an unlawful municipal policy, practice, and custom.

43.    Defendants acted under pretense and color of state law and their individual

and official capacities and within the scope of their employment.  Said acts by said defendants

were beyond the scope of their jurisdiction, without authority or law, and in abuse of their

powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive

plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution.

44.    As a direct and proximate result of the misconduct and abuse detailed

above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion

of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and

humiliation.

45.     The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST DEFENDANT KELLY

46.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47.     Defendant Raymond W. Kelly is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervisor subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

48.     Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

49.     Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

50.     The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Kelly's Headquarters located in New York, New York, and creating a culture

where officers are encouraged to harass and assault those question their authority, and acting in

manner which amounted to negligent hiring, training, monitoring and retention of incompetent

employees, in violation of state law.

51.    As a direct and proximate result of the misconduct and abuse detailed

above, plaintiff experienced personal and physical injuries, pain and suffering, fear,

psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52.    The aforesaid conduct of defendants Kelly amounted to negligent hiring,

training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

53.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same

were fully set forth at length herein.

54.    The City of New York directly caused the constitutional violations

suffered by plaintiff.

55.    Upon information and belief, the City of New York was aware from

notices of claim, lawsuits, complaints, and from NYPD's own observations, that the officers

involved in the present case were unfit to be police officers, and that it was highly likely that

they would commit the acts alleged in the present case.

56.    Nevertheless, the City of New York exercised deliberate indifference by

failing to take remedial action.  The City of New York failed to properly train, retrain, supervise,

discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of

New York failed to adequately investigate prior complaints against the officers and created a

culture where officers can harass, assault citizens without consequence.  Indeed, when citizens

file complaints against officers, the City has a practice of failing to substantiate or address the

10

complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

57.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

59.     Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      New York, New York
            July 7, 2008

11

MICHAEL HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL O. HUESTON (MH-0931)